**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 19, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DEREK T. BROWNLEE,

    Defendant - Appellant.

No. 14-3059
(D.C. No. 2:13-CR-20077-KHV-1)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

Defendant Derek Brownlee pleaded guilty to having committed a bank robbery on

July 1, 2013.  *See* 18 U.S.C. § 2113(a).  He appeals the substantive reasonableness of his

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentence. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm because he has not overcome the presumption of reasonableness of his within-guidelines sentence.

We begin with the guidelines calculation in Defendant's presentence investigation report (PSR). The base offense level for robbery is 20. *See* USSG § 2B3.1(a). The offense level was increased by two levels because the robbery involved a financial institution, *id.* § 2B3.1(b)(1), and by another three levels because Defendant possessed a dangerous weapon (a hatchet) during the robbery, *see id.* § 2B3.1(b)(2)(E). Defendant's conduct while fleeing law-enforcement officers after the robbery—he ran red lights, drove at high speeds (up to 90 miles per hour on the highway and 70 in residential areas), almost collided with another vehicle, and struggled with an officer attempting to arrest him (breaking free twice and tugging at the officer's gun/holster during a third struggle)—constituted reckless endangerment during flight, resulting in a further two-level increase to 27. *See id.* § 3C1.2.

This offense level was superseded, however, by an offense level of 32, based on his being a career offender whose offense could be punished by a sentence of 20 years or more. *See id.* § 4B1.1(b)(3). He qualified as a career offender because he was over 18 years old at the time of the robbery, the robbery was a crime of violence, and he had at least two prior felony convictions of crimes of violence. *See id.* § 4B1.1(a). The offense level was reduced three levels to 29 because he accepted responsibility and timely notified authorities that he would plead guilty. *See id.* § 3E1.1.

2

Defendant's criminal history included several Missouri convictions when he was 17 years old, an adult under Missouri law. On April 21 and May 10, 1995, he committed robberies in Jackson County. Because he was arrested for both robberies on the same day (May 18, 1995) and convicted of both robberies on the same day in the same county court (June 13, 1996), the guidelines treat the convictions as one conviction for most purposes. *See id.* § 4A1.2(a)(2). A third conviction for robbery, and for armed criminal action, arose from conduct on May 8 and 10, 1995, in Cass County, for which Defendant was arrested on March 26, 1996, and sentenced on August 26, 1996, in Cass County. Defendant was sentenced to 10 years' imprisonment for each of the three robbery offenses and five years for the armed criminal action, with all sentences to run concurrently.

For these prior convictions, Defendant was assessed a total of eight criminal-history points: (1) three for the April 21, 1995 robbery in Jackson County, *see id.* § 4A1.1(a) (three points for each prior prison sentence exceeding a year and a month); (2) one for the May 10, 1995 robbery in Jackson County, *see id.* § 4A1.1(e) (one point for each prior sentence for crime-of-violence conviction not scored as a separate sentence under § 4A1.1(a)–(c) because of § 4.A1.2(a)(2)); and (3) four for the Cass County sentence for robbery and armed criminal action, *see id.* §§ 4A1.1(a), 4A1.1(e). Defendant was paroled in 2004. From then until 2013 his only convictions were for driving-related offenses—primarily driving with a suspended or revoked license. These convictions added five more points to his criminal-history score.

3

Defendant's criminal-history score of 13 placed him in criminal-history category VI. He also belonged in criminal-history category VI because he is a career offender. *See id.* § 4B1.1(b). With an offense level of 29 and criminal-history category of VI, Defendant had a guidelines range of 151–188 months. The statutory maximum sentence was 20 years. *See* 18 U.S.C. § 2113(a).

The PSR also reported evidence of two armed robberies and an attempted armed robbery of another bank on three separate days during the month before his bank robbery on July 1, 2013. DNA and other evidence linked Defendant to all three crimes, but no robbery charges had been filed at the time Defendant was sentenced in this case, so the conduct was not included in calculating the guidelines range.

Defendant raised no objection to the PSR. The district court imposed a sentence of 188 months, the high end of the guidelines range, rejecting Defendant's argument that the court should vary downward from the range calculated in the PSR. On appeal Defendant does not contend that the court erred in calculating the guidelines range. He argues that his sentence is unreasonable because the court "fail[ed] to account for the arbitrary nature of qualification as a Career Offender, a criminal history category of VI and an overreliance on uncharged conduct." Aplt. Br. at 13.

A sentence is substantively unreasonable if its length is "excessive given all the circumstances of the case in light of the factors set forth in [18 U.S.C.] § 3553(a)." *United States v. Gantt*, 679 F.3d 1240, 1249 (10th Cir. 2012) (internal quotation marks omitted). These factors include "the nature and circumstances of the offense and the

history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); "the need for the sentence imposed" to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant," *id.* § 3553(a)(2); and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," *id.* § 3553(a)(6). "Under a deferential abuse-of-discretion standard, we deem a sentence unreasonable only if it is arbitrary, capricious, whimsical, or manifestly unreasonable." *Gantt*, 679 F.3d at 1249 (internal quotation marks omitted). We presume the reasonableness of a sentence within the properly calculated guidelines range. *See United States v. Sanchez,* 725 F.3d 1243, 1253 (10th Cir. 2013).

Defendant's principal argument on appeal is that his career-offender status and placement in criminal-history category VI result from a quirk of fate: If he had committed his prior robberies in one Missouri county instead of two, he could have been sentenced on all of them in the same court on the same day, instead of by different courts on different days; and if that had happened, all his prior felony convictions would be treated as one conviction under the guidelines provision for career offenders. *See* USSG §§ 4B1.1(a), 4A1.2(a)(2). Invoking "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," Aplt. Br. at 18 (internal quotation marks omitted), Defendant argues that another defendant who committed the same offenses but all in the same jurisdiction may have had

5

a lower guidelines range of 92–115 months. He also contends that his sentence is not justified by the district court's consideration of the facts stated in the PSR concerning the two uncharged armed robberies and attempted armed robbery in the month before the robbery in this case. He asserts that all defendants have similar uncharged misconduct in their records and that "[a]nything short of a conviction" is not sufficiently reliable to be considered. Aplt. Br. at 21.

We are not persuaded. Defendant's second argument fails because courts may consider undisputed statements in the PSR concerning uncharged conduct when determining an appropriate sentence. *See United States v. Mateo*, 471 F.3d 1162, 1166–67 (10th Cir. 2006). And the district court explained why it thought the sentence was appropriate. Interpreting Defendant's argument as one that the guidelines calculations "overrepresent the seriousness of his criminal history," R., Vol. 2 at 52, it concluded that the weight of defense counsel's argument was "canceled out" by factors not counted in the calculation—Defendant's "one-man crime spree [in June 2013] . . . involving armed bank robberies that are not scored in [his] criminal history calculations," and his being assessed only two points for reckless endangerment, *id.* at 57–58.

Defendant has not overcome the presumption that his within-guidelines sentence was reasonable.

We AFFIRM the district court's sentence.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge